# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CHARLES PATTON,                          )
                                         )
        PLAINTIFF,                       )
                                         )
v.                                       )        Case No.
                                         )
DR. THOMAS BAKER and WEXFORD             )        JURY TRIAL DEMANDED
HEALTH SOURCES, INC.,                    )
                                         )
        DEFENDANTS,                      )
                                         )
    and                                  )
                                         )
DR. MARY JONES,                          )
                                         )        2013L002561
        RESPONDENT IN DISCOVERY. )                CALENDAR/ROOM B
                                                  TIME 00:00
                                                  Medical Malpractice

## COMPLAINT

Plaintiff CHARLES PATTON, by his attorneys, Gardiner Koch Weisberg & Wrona, complains against Defendants, DR. THOMAS BAKER and WEXFORD HEALTH SOURCES, INC., as follows:

### Introduction

1. This action is brought pursuant to the laws of the State of Illinois to redress the medically negligent treatment provided to Plaintiff.

2. Specifically, as a result of the Defendants' negligence more fully described below, Plaintiff suffered injuries.

### Factual Allegations

3. On April 5, 2011, Mr. Patton was an inmate in the Western Illinois Correctional Center (WICC) in Mount Sterling, Illinois.



EXHIBIT
A

4.  On April 5, 2011, and all times relevant to this complaint, the Western Illinois Correctional Center was operated by the Illinois Department of Corrections (IDOC).

5.  On April 5, 2011, Mr. Patton fell down some stairs while in the WICC, sustaining injuries.

6.  On April 5, 2011, as a result of the injuries Mr. Patton suffered in his fall, Mr. Patton was transported to Passavant Memorial Area Hospital Association (Passavant Hospital) in Jacksonville, Illinois for examination and treatment.

7.  Upon arriving at Passavant Hospital on April 5, 2011, Mr. Patton was examined and treated by Dr. Mary Jones in the emergency room.

8.  That Mr. Patton also was examined and x-rayed at Passavant Hospital on April 5, 2011 by Dr. Prasad Vasireddy and Dr. N. Yousuf.

9.  That in his radiology report on the x-rays taken of Mr. Patton's right knee, Dr. Vasireddy indicated the need for a MRI test of Mr. Patton's knee.

10. That Mr. Patton was discharged from Passavant Hospital without receiving an MRI.

11. That upon his return to WICC, Mr. Patton received examination and treatment for his injuries from Dr. Thomas Baker.

12. That despite Dr. Vasireddy's recommendation and Mr. Patton's repeated complaints and objective symptoms, Dr. Baker failed to order that Mr. Patton undergo an MRI of his right knee until June 22, 2011, more than 2 months after Mr. Patton's fall.

13. That an MRI of Mr. Patton's right knee on June 22, 2011 revealed a severed right quadriceps that had scarred and retracted making surgical repair impossible.

14. That, as a result, Mr. Patton will likely never again walk without assistance.

## COUNT I – NEGLIGENCE – DR. THOMAS BAKER

15. Plaintiff hereby incorporates paragraphs 1-14 of this Complaint as if fully incorporated herein.

16. On and after April 5, 2011, and at all times relevant to this Complaint, Defendant Dr. Thomas Baker was a physician licensed to practice in the State of Illinois without further board certification.

17. At all times relevant herein, Dr. Baker held himself out to be, and was, the agent and/or employee of Defendant Wexford.

18. That on and after April 5, 2011, Mr. Patton was under the care and treatment of Defendant Dr. Baker for injuries he sustained, including injury to his left knee.

19. At all times relevant herein, Defendant Dr. Baker had a duty to possess and apply the knowledge, skill and care which a reasonably qualified medical professional would have exercised under similar circumstances in their care and treatment of Mr. Patton.

20. At all times relevant herein, Defendant Dr. Baker failed to apply the knowledge, skill and care which a reasonably qualified medical professional would have exercised under similar circumstances, in one or more of the following:

  a.   Failed to properly monitor Mr. Patton during the course of his treatment;

  b.   Failed to recognize the signs and symptoms of a severed quadriceps in Mr. Patton;

  c.   Failed to diagnose Mr. Patton's severed quadriceps on April 5, 2011 and thereafter;

  d.   Failed to order appropriate medical tests and exams to diagnose Mr. Patton's injuries;

  e.   Failed to order a timely and proper radiological and/or orthopedic consultation for Mr. Patton;

3

f. Failed to treat his condition of a severed quadriceps on April 5, 2011 and thereafter.

21. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of Defendant Dr. Baker, the Plaintiff, Charles Patton, suffered injuries of a personal and pecuniary nature, including but not limited to great pain, disfigurement, and loss of normal life, and will continue to suffer from his injuries of a personal and pecuniary nature, including but not limited to, pain, disfigurement, and loss of normal life.

22. Pursuant to the applicable provisions of 735 ILCS 5/2-622, Plaintiff has attached an attorney's affidavit and Physician's Report as Exhibit No. 1.

WHEREFORE, Plaintiff, CHARLES PATTON, by and through his attorneys, GARDINER KOCH WEISBERG & WRONA, prays for entry of a verdict by a jury and prays for judgment against the Defendant, Dr. Thomas Baker, in an amount in excess of the jurisdictional limits of the Circuit Court of Cook County, as the jury shall find as fair and reasonable compensation for the injuries and damages sustained.

## COUNT II – NEGLIGENCE – WEXFORD HEALTH SOURCES, INC.

23. Plaintiff hereby incorporates paragraphs 1-14 of this Complaint as if fully incorporated herein.

24. On and after April 5, 2011, and at all times relevant herein, Wexford was a Florida corporation authorized by the State of Illinois to offer health services within the State.

25. On and after April 5, 2011, and at all times relevant herein, Defendant Dr. Thomas Baker was a physician licensed to practice in the State of Illinois.

26. On and after April 5, 2011, Defendant Dr. Baker, held himself out to be, and was, the employee and/or agent of Wexford, and Wexford held Defendant, Dr. Baker, out to be its agent and/or employee.

27. On and after April 5, 2011, and at all times relevant therein, Defendant Dr. Baker was the duly authorized agent of Defendant Wexford, and was acting within the scope of that agency relationship in his treatment of Mr. Patton.

28. That during the period of time from April 5, 2011 and thereafter, Mr. Patton was under the care and treatment of Defendant Wexford, by and through its agent and/or employee, Defendant Dr. Baker, for examination and treatment for injuries Patton suffered during a fall.

29. At all times relevant herein, Mr. Patton believed that Defendant Dr. Baker was the agent and/or employee of Defendant Wexford.

30. At all times relevant herein, Defendant Wexford, by and through its agent and employee, Defendant Dr. Baker, had a duty to possess and apply the knowledge, skill and care which a reasonably qualified medical professional would have exercised under similar circumstances in their care and treatment of Mr. Patton.

31. At all times relevant herein, Defendant Wexford, by and through its agent and employee, Defendant Dr. Baker, failed to apply the knowledge, skill and care which a reasonably qualified medical professional would have exercised under similar circumstances, in one or more of the following:

      g.   Failed to properly monitor Mr. Patton during the course of his treatment;

      h.   Failed to recognize the signs and symptoms of a severed quadriceps in Mr. Patton;

      i.   Failed to diagnose Mr. Patton's severed quadriceps on April 5, 2011 and thereafter;

j. Failed to order appropriate medical tests and exams to diagnose Mr. Patton's injuries;

k. Failed to order a timely and proper radiological and/or orthopedic consultation for Mr. Patton;

l. Failed to treat his condition of a severed quadriceps on April 5, 2011 and thereafter.

32. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of defendant Wexford, the Plaintiff, Charles Patton, suffered injuries of a personal and pecuniary nature, including but not limited to great pain, disfigurement, and loss of normal life, and will continue to suffer from his injuries of a personal and pecuniary nature, including but not limited to, pain, disfigurement, and loss of normal life.

WHEREFORE, Plaintiff, CHARLES PATTON, by and through his attorneys, GARDINER KOCH WEISBERG & WRONA, prays for entry of a verdict by a jury and prays for judgment against the Defendant, WEXFORD HEALTH SOURCES, INC., a corporation, in an amount in excess of the jurisdictional limits of the Circuit Court of Cook County, as the jury shall find as fair and reasonable compensation for the injuries and damages sustained.

RESPECTFULLY SUBMITTED:
Charles Patton,

By one of his attorneys

Thomas G. Gardiner
Barry C. Owen
Micah J. Hughes
Gardiner Koch Weisberg & Wrona
53 W. Jackson Blvd., Suite 950
Chicago, IL 60604
P: 312-362-0000
F: 312-362-0440

6

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CHARLES PATTON,                          )
                                         )
        PLAINTIFF,                       )
                                         )
        v.                               )    Case No.
                                         )
DR. THOMAS BAKER and WEXFORD             )    JURY TRIAL DEMANDED
HEALTH SOURCES, INC.,                    )
                                         )
        DEFENDANTS,                      )
                                         )
        and                              )
                                         )
DR. MARY JONES,                          )
                                         )
        RESPONDENT IN DISCOVERY.         )

## AFFIDAVIT

Pursuant to 735 ILCS 5/2-622, affiant, Micah J. Hughes, being duly sworn on oath, deposes and states as follows:

1.      I am an attorney licensed to practice law in the State of Illinois and am one of the attorneys with GARDINER KOCH WEISBERG & WRONA, representing the plaintiffs in this cause of action.

2.      I have consulted and reviewed the facts of this case with a health professional, a doctor board certified in family medicine, who is knowledgeable in the issues involved in this litigation, has practiced in the same area of health care and medicine that are at issue within the last five years, is qualified by experience and competence in the subject of the case, is licensed to practice medicine in all its branches, and meets the required expert witness standards.

3.      The reviewing health professional has determined in a written report after reviewing the medical records and other relevant materials in this action that negligence occurred in the course of medical treatment, and there is a reasonable and meritorious cause for the filing of this action with respect to defendants Thomas Baker, M.D.

4.      I have concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of this action.

5.    Attached hereto is a true and correct copy of a written report by the aforesaid health professional.

FURTHER AFFIANT SAYETH NOT.

_Micah J. Hughes_
Micah J. Hughes

SUBSCRIBED and SWORN TO
before me this 11th day
of March, 2013.

```
"OFFICIAL SEAL"
Karin Sandman
Notary Public, State of Illinois
My Commission Expires 5/4/2014
```

_Karin Sandman_
NOTARY PUBLIC

Thomas G. Gardiner
Barry C. Owen
Micah J. Hughes
GARDINER KOCH WEISBERG & WRONA
Attorneys for Plaintiff
53 W. Jackson Blvd., Suite 950
Chicago, IL 60604
312/362-0000
Atty. No. 29637

**Charles Patton v. Thomas Baker, MD, et. al.**

**Health Practioner's Report Re: Defendant Thomas Baker, MD**

I am board certified in family medicine, and I am licensed to practice medicine in all its branches in the State of Illinois. I have maintained a clinical practice in family medicine for the last 18 years. Furthermore, I am well-versed in the standard of care for a primary care physician as well as the standard of care in providing monitoring, planning, implementing and evaluating care for patients.

Based on my review of Charles Patton's medical records from Western Illinois Correctional Center and Passavant Area Hospital, in addition to my education and experience in the field of family medicine, I hold the opinion, to a reasonable degree of medical and surgical certainty, that Thomas Baker, MD, violated the standard of care expected of doctor acting as a primary care physician.

Thomas Baker, MD, failed to timely and appropriately diagnose Charles Patton's ruptured quadriceps tendon; failed to timely and appropriately recognize the signs and symptoms of a severed quadriceps in Mr. Patton; failed timely and appropriately order appropriate medical tests and exams to diagnose Mr. Patton's injuries; failed to timely and appropriately order a proper radiological testing to Mr. Patton; failed to timely and appropriately order an orthopedic consultation for Mr. Patton; failed to properly monitor Mr. Patton during the course of his treatment; and failed to timely and appropriately treat Mr. Patton's condition of a severed quadriceps. Each of these breaches of the standard of care was a proximate cause of Charles Patton's injuries.

This report is not exhaustive of my opinions in this matter. Additionally, my opinions may be subject to change or may be supplemented in the event that I am provided additional materials to review. That being said, I do hold that there is a reasonable and meritorious cause to file a medical malpractice action against Thomas Baker, MD.

# EXHIBIT B



CORPORATION SERVICE COMPANY®

# Notice of Service of Process

null / ALL
Transmittal Number: 10991620
Date Processed: 03/26/2013

| Primary Contact: | Ms. Wendelyn R Pekich<br>Wexford Health Sources, Inc.<br>Foster Plaza 2<br>425 Holiday Drive<br>Pittsburgh, PA 15220 |
|---|---|
| Entity: | Wexford Health Sources, Inc.<br>Entity ID Number  0456721 |
| Entity Served: | Wexford Health Sources, Inc. |
| Title of Action: | Charles Patton vs. Dr. Thomas Baker |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Cook County Circuit Court, Illinois |
| Case/Reference No: | 2013L002561 |
| Jurisdiction Served: | Illinois |
| Date Served on CSC: | 03/26/2013 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Micah J. Hughes<br>312-362-0000 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com



| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW _____ DIVISION

No. 2013L002561
CALENDAR/ROOM B
TIME 00:00

Medical Malpractice
Wexford Health Sources, Inc.

c/o Prentice Hall Corporation

801 Adlai Stevenson Dr., Springfield, IL 62703

CHARLES PATTON

(Name all parties)

v.

DR. THOMAS BAKER and WEXFORD HEALTH SOURCES, INC.,

## ⊙ SUMMONS ◯ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⊙ Richard J. Daley Center, 50 W. Washington, Room 801 _____, Chicago, Illinois 60602

◯ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

◯ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

◯ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

◯ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

◯ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

◯ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

MAR 1 2 2013

Atty. No.: 29637

Name: Micah J. Hughes/Thomas G. Gardiner

Atty. for: Plaintiff

Address: 53 West Jackson Boulevard, Suite 950

City/State/Zip: Chicago, IL 60604

Telephone: (312) 362-0000

WITNESS, _____, _____

Clerk of Court DOROTHY BROWN
CLERK OF CIRCUIT COURT

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**